```
         UNITED STATES DISTRICT COURT FOR THE
               DISTRICT OF NEW HAMPSHIRE
```

Harold Peterson

    v.                             Civil No. 11-cv-413-JD
                                    Opinion No. 2011 DNH 207

United States Attorney General


O R D E R

Harold Peterson, proceeding pro se, filed a complaint seeking a writ of mandamus that would require the United States Attorney General to remove certain federal officers from office. The Attorney General moves to dismiss the action for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Peterson objects to the motion.

Federal courts are authorized by Article III of the Constitution "to resolve not questions and issues but 'Cases' and 'Controversies.'" Ariz. Christian Sch. Tuition Org. v. Winn, 131 S. Ct. 1436, 1441 (2011). "To state a case or controversy under Article III, a plaintiff must establish standing." Id. Standing must be based on "more than just the 'generalized interest of all citizens in constitutional governance,'" id. at 1441-42 (quoting Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 217 (1974)), and instead requires that the plaintiff suffered a "particular injury," Ariz. Christian, 131 S. Ct. at 1442. A

"particular injury" is an injury that "'must affect the plaintiff in a personal and individual way.'" Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1 (1992)).

In this case, Peterson asserts that Article II, Section 2, of the Constitution requires certain presidential appointments to be made with the advice and consent of the Senate. He further asserts that President Obama has made appointments of officers, who are called Czars, without the Senate's advice and consent. Peterson argues that the officers who are referred to as Czars are principal officers whose appointments are subject to Article II, Section 2. Peterson states that the "Czars" have the ability "to make policy decisions affecting each and every citizen of the United States." Compl. ¶ 13.

Peterson provides no allegations that he has suffered any injury as a result of the appointment of the "Czars." As noted, he alleges only that the "Czars" have the ability to affect every citizen. Therefore, Peterson did not allege that he suffered a particular injury due to the appointment of the "Czars."

In support of his objection, Peterson argues first that standing is a court-created rule which this court has discretion to ignore. He is mistaken. He also contends that as an American citizen he is seeking adjudication of a "breach of the Constitution by the Executive Branch." Peterson further states

that he "is not seeking any redress for any specialized harm to him as a result of this breach" and that "all citizens are harmed to the same degree." As such, Peterson establishes that he has not suffered any particular injury as a result of the constitutional breach he asserts.

Because Peterson shows that he lacks standing to bring the claim he alleges, the court lacks jurisdiction to consider his suit.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 7) is granted. The case is dismissed. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 14, 2011

cc: Harold Peterson, pro se
    Gretchen Leah Witt, Esquire